Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL VI

| YASHIRA QUILES CARRASQUILLO<br><br>Parte Apelante<br><br>v.<br><br>AMERICAN POSTAL WORKERS UNION, AFL-CIO; et als.<br><br>Parte Apelada | TA2025AP00196 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Caso Núm.: FA2023CV00387<br><br>Sobre: Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

**Ortiz Flores, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, 20 de noviembre de 2025.

Comparece ante nosotros Yashira Quiles Carrasquillo (Sra. Quiles Carrasquillo; apelante) mediante el presente recurso de apelación y nos solicita que revoquemos la *Sentencia Parcial* emitida el 1 de julio de 2025, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI). Mediante esta, el TPI declaró Ha Lugar la *Solicitud de Desestimación de Demanda Enmendada* presentada por American Postal Workers Union, UAW, AFL-CIO (APWU; apelada). En su consecuencia, decretó la desestimación y archivo sin perjuicio de la *Demanda Enmendada* presentada por la Sra. Quiles Carrasquillo, por falta de jurisdicción sobre la materia.

Adelantamos que, por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado.

**I**

El 10 de mayo de 2023, la Sra. Quiles Carrasquillo instó una *Demanda* sobre daños y perjuicios contra American Postal Workers Union y la Local 1070, afiliado local de la APWU.[1] En síntesis, sostuvo que

---

[1] SUMAC, Entrada 1 en FA2023CV00387.

laboraba para el Servicio Postal de los Estados Unidos de América (USPS). Indicó que, para la fecha de los hechos que dieron lugar al caso de epígrafe, ocupaba el puesto de Jefa de la Oficina Postal ("Post Master") de Luquillo. Expresó que los hechos ocurrieron en su lugar de trabajo, a saber, en el correo postal del Municipio de Luquillo y, posteriormente, en el correo postal del Municipio de Río Grande, donde fue temporalmente trasladada. Adujo que, los incidentes ocurridos el 19 de febrero y 3 de noviembre de 2022 y 8, 9 y 13 de marzo de 2023, constituyeron un patrón de acecho, intimidación, acoso y hostigamiento de parte de Luis Soto (Sr. Soto). Señaló que el Sr. Soto era un delegado sindical y agente de la APWU que ostentaba el cargo de "Coordinador de la Región Este", asignado a representar a la APWU en al menos quince (15) oficinas postales a través de la zona este de Puerto Rico. En su consecuencia, indicó que la APWU incumplió con su deber de adiestrar y supervisar adecuadamente a los representantes sindicales. Asimismo, adujo que la APWU nunca disciplinó al Sr. Soto por su comportamiento. Ante ello, solicitó el pago de $3,000,000.00 por concepto de los daños sufridos como consecuencia de los actos y omisiones de la APWU, así como una cantidad por concepto de costas y gastos.

El 11 de mayo de 2023, la apelante presentó una *Demanda Enmendada* a los fines de corregir unos defectos señalados por la Secretaría del Tribunal de Primera Instancia.[2] Posteriormente, el 14 de julio de 2023, la APWU presentó una *Solicitud de Desestimación de Demanda Enmendada*.[3] En síntesis, señaló que la apelante no expuso una reclamación que justificara la concesión de un remedio y omitió los elementos necesarios para imputarle responsabilidad a la APWU por los actos del Sr. Soto. En específico, expresó que la apelante no alegó suficientes hechos para evidenciar una relación obrero-patronal entre el Sr. Soto y la APWU. En lo pertinente, explicó que el Sr. Soto no era empleado

---

[2] SUMAC, Entrada 9 en FA2023CV00387.
[3] SUMAC, Entrada 40 en FA2023CV00387.

ni oficial de la APWU, sino que era un oficial de la Local 1070. Además, señaló que la APWU no tiene un "Coordinador de la Región Este" que tenga lazo alguno con Puerto Rico, ni incluye a Puerto Rico en su "Región Este".

Por otro lado, indicó que las reclamaciones en contra de la APWU están vedadas por la Sección 6 de la Ley Norris-La Guardia, 29 USC §106, toda vez que dicho estatuto establece que una unión es responsable por los actos ilícitos de oficiales, miembros o agentes cuando haya prueba clara de que la unión participó o autorizó tales actos ilícitos o los ratificó, luego de advenir en conocimiento de ello. Sobre el particular, señaló que en ningún momento la apelante le atribuyó conocimiento de las actuaciones del Sr. Soto, ni tampoco que lo hubiese autorizado a actuar de la forma descrita en la *Demanda Enmendada*. Asimismo, aclaró que la afiliación entre una unión local y una unión nacional no es fundamento para imputarle responsabilidad a una por los actos de la otra. Por último, alegó que la Ley de Compensaciones de Empleados Federales (FECA, por sus siglas en inglés), 5 USC §§ 8101–8193, impide a la apelante presentar la acción de epígrafe, toda vez que a los empleados del servicio postal les aplica la FECA por virtud de la Ley de Reorganización Postal, 39 USC § 1005(c). Adujo que la FECA provee el remedio exclusivo para aquellos empleados que sufren algún daño en el transcurso de su empleo. 5 USC § 8116(c). Por lo anteriormente expuesto, la APWU solicitó la desestimación de la *Demanda Enmendada*.

En respuesta, el 21 de agosto de 2023, la apelante presentó una *Oposición a Moción de Desestimación*.[4] En esencia, alegó que la *Demanda Enmendada* expone reclamaciones que justifican la concesión de remedio. Adujo que la APWU fue negligente al faltar a su deber de instruir, entrenar y supervisar a sus representantes y agentes. Por otra parte, expresó que la conducta denunciada no constituye una disputa laboral, por lo que las leyes y jurisprudencia federal citadas por la APWU en su *Solicitud de Desestimación de Demanda Enmendada* son inaplicables. Indicó que la

---

[4] SUMAC, Entrada 52 en FA2023CV00387.

controversia se ampara en la Constitución y leyes de Puerto Rico. Además, alegó que carece de mérito el argumento de la apelada en cuanto a que la inmunidad que le confiere la FECA al gobierno de los Estados Unidos es extensiva a la APWU. En consecuencia, solicitó que se declarara No Ha Lugar a la *Solicitud de Desestimación de Demanda Enmendada* presentada por la parte apelada.

Posteriormente, el 21 de septiembre de 2023, la APWU presentó una *Réplica* mediante la cual reiteró los argumentos presentados en su *Solicitud de Desestimación de Demanda Enmendada* y señaló que los argumentos de la *Oposición a Moción de Desestimación* eran improcedentes en derecho.[5] Asimismo, solicitó que se declarara Ha Lugar la *Solicitud de Desestimación de Demanda Enmendada*. Por su parte, el 17 de noviembre de 2023, la apelante presentó una *Dúplica* mediante la cual enfatizó la improcedencia de la *Solicitud de Desestimación de Demanda Enmendada*.[6]

Luego de varios trámites procesales, el 19 de septiembre de 2024, notificada al día siguiente, el TPI emitió una *Sentencia Parcial* mediante la cual desestimó la *Demanda Enmendada* contra APWU.[7] No obstante, el 11 de febrero de 2025, notificada al día siguiente, este foro emitió una *Sentencia* mediante la cual revocó dicha *Sentencia Parcial* debido a que el TPI emitió su determinación sin tomar en consideración la *Oposición a Moción de Desestimación* presentada por la apelante, el 21 de agosto de 2023.[8] En consecuencia, devolvió el caso para la continuación de los procedimientos.

Posteriormente, el 3 de mayo de 2025, la apelante presentó una *Moción para Someter Documento Suplementando Oposición a Moción de Desestimación*.[9] Mediante esta, la apelante alegó que presentó, ante el Departamento del Trabajo Federal, su reclamación al amparo de la FECA.

---

[5] SUMAC, Entrada 61 en FA2023CV00387.
[6] SUMAC, Entrada 65 en FA2023CV00387.
[7] SUMAC, Entrada 74 en FA2023CV00387.
[8] SUMAC, Entrada 88 en FA2023CV00387.
[9] SUMAC, Entrada 90 en FA2023CV00387.

Cabe destacar que la apelante acompañó su moción con una carta del Departamento del Trabajo Federal, con fecha del 9 de mayo del 2023, en la cual se confirmó el recibo de la reclamación, presentada por la apelante el 3 de mayo de 2023, así como la evidencia sometida por esta. No obstante, en dicha carta se dispuso que la evidencia presentada era insuficiente para establecer si realmente la apelante experimentó el incidente o el factor laboral que alega haber causado la lesión. Asimismo, en otra comunicación dirigida a la apelante, con fecha del 9 de mayo del 2023, el Departamento del Trabajo Federal le expresó que se requería información adicional para poder adjudicar el caso, por lo que le requirió a esta contestar una serie de preguntas. La parte apelante solicitó que se declarara No Ha Lugar la *Solicitud de Desestimación de Demanda Enmendada* presentada por APWU.

En respuesta, el 27 de mayo de 2025, la APWU presentó su *Oposición.*[10] En esta, sostuvo que la solicitud de la apelante de suplementar su oposición era inoportuna, al haberse hecho luego de casi dos (2) años de la *Solicitud de Desestimación de Demanda Enmendada*. Además, alegó que la carta anejada a la moción de la apelante no estaba autenticada y no evidenciaba que la FECA era inaplicable a la reclamación. Explicó que la carta no expresaba que la apelante era inelegible para FECA, sino que, mediante dicha comunicación, se le informó a esta que los documentos presentados en apoyo a su reclamación eran insuficientes para demostrar su elegibilidad. A esos efectos, solicitó que se denegara la *Moción para Someter Documento Suplementando Oposición a Moción de Desestimación* presentada por la apelante y declarara Ha Lugar la *Solicitud de Desestimación de Demanda Enmendada.*

El 3 de junio de 2025, la Sra. Quiles Carrasquillo presentó una *Réplica* mediante la cual enfatizó la procedencia de la *Moción para Someter Documento Suplementando Oposición a Moción de Desestimación y* solicitó que se declarara No Ha Lugar a la *Solicitud de Desestimación de*

---

[10] SUMAC, Entrada 95 en FA2023CV00387.

*Demanda Enmendada.*[11] El TPI emitió una *Sentencia Parcial* el 1 de julio de 2025, notificada al día siguiente.[12] En esta, el TPI determinó que la FECA limita su jurisdicción sobre este asunto ya que, tanto la apelante como el Sr. Soto, eran empleados del Servicio Postal y el incidente ocurrió en los predios del trabajo durante horas laborables. Expresó que, si el daño cae bajo FECA, sus remedios son exclusivos, de modo que los tribunales no pueden atender ninguna reclamación relacionada con dicho daño y carecen de jurisdicción sobre la materia. Por otra parte, dispuso que la carta anejada a la *Moción para Someter Documento Suplementando Oposición a Moción de Desestimación,* presentada por la apelante, no hace inaplicable la FECA. Explicó que la carta no demostró que la Sra. Quiles Carrasquillo era inelegible para los beneficios bajo la FECA, sino que dicha carta le informó a esta que no sometió evidencia sobre el incidente que le ocasionó el daño. Además, puntualizó que la apelante no mencionó una razón por la cual presentó dicha carta casi dos (2) años luego de presentada la solicitud de desestimación de la APWU y la oposición a esta.

Por último, el TPI determinó que la *Demanda Enmendada* carece de suficientes alegaciones para imputarle responsabilidad a la APWU por los actos del Sr. Soto. Expresó que la *Demanda Enmendada* no distingue entre las dos (2) entidades que coinciden como demandadas, por lo que se vio imposibilitado de determinar si el Sr. Soto era empleado de una de las entidades demandadas, de la otra, o de ambas. Ahora bien, dispuso que, aun si se determinara que el Sr. Soto fuera empleado de la Local 1070 y no de APWU, la *Demanda Enmendada* carece de los elementos para imputarle responsabilidad vicaria a la APWU. Ello debido a que la responsabilidad vicaria de las uniones por los actos de sus empleados y agentes ha quedado limitada a escenarios específicos. Sobre el particular, explicó que, para que una afiliada internacional o regional de una unión local responda por la conducta de la local, se debe demostrar que la

---

[11] SUMAC, Entrada 96 en FA2023CV00387.
[12] SUMAC, Entrada 98 en FA2023CV00387.

internacional fue copartícipe en los hechos o que la local actuó como agente de la internacional. Dispuso que la *Demanda Enmendada* no incluye alegación alguna de que la APWU haya instado a la Local 1070, mucho menos al Sr. Soto, de actuar de manera alguna. Asimismo, determinó que tampoco hay alegación de que la APWU haya ratificado los actos de la Local 1070 o del Sr. Soto ni adquirido conocimiento sobre estos. Expresó que lo único que surge son alegaciones imprecisas de que APWU incumplió con sus deberes de adiestrar y supervisar al Sr. Soto. Por lo anteriormente expuesto, el TPI declaró Ha Lugar la *Moción de Desestimación* de la APWU. En su consecuencia, decretó la desestimación sin perjuicio de la *Demanda Enmendada* y ordenó su archivo, por falta de jurisdicción sobre la materia.

Inconforme, el 1 de agosto de 2025, la Sra. Quiles Carrasquillo instó el recurso de epígrafe y señaló los siguientes errores:

> **Primer error**: Erró el Tribunal de Instancia al concluir que la Demanda no expone una reclamación que justifique la concesión de un remedio.
>
> **Segundo error**: Erró el TPI al concluir que la APWU Nacional no responde por los actos propios de su afiliada.
>
> **Tercer error**: Erró el Tribunal de Instancia al concluir que la Ley de Compensación de Empleados Federales, 5 U.S.C. § 8101 (FECA por sus siglas en inglés) impide el ejercicio de la jurisdicción para la reclamación contra tercero incoada por Quiles.
>
> **Cuarto error**: Erró el TPI al desestimar por prescripción la Demanda presentada en contra de la APWU Local.

Por otro lado, el 16 de septiembre de 2025, la APWU presentó *Alegato de la American Postal Workers Union, AFL-CIO*, por lo que, con el beneficio de la comparecencia de ambas partes, procedemos a exponer el derecho aplicable.

## II

### A

Nuestro ordenamiento jurídico promueve el interés de que todo litigante tenga su día en corte. Esta postura responde al principio

fundamental y política judicial de que los casos se ventilen en sus méritos y se resuelvan de forma justa, rápida y económica. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1; *Banco Popular v. S.LG. Negrón*, 164 DPR 855, 874 (2005); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 124 (1992); *Amaro González v. First Fed. Savs.*, 132 DPR 1042, 1052 (1993). No obstante, nuestro ordenamiento permite la presentación de mociones dispositivas con el propósito de que todos o algunos de los asuntos en controversia sean resueltos sin necesidad de un juicio en su fondo. Los tribunales tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte, sin embargo, ese proceder se debe ejercer juiciosa y apropiadamente. *Maldonado v. Srio. de Rec. Naturales,* 113 DPR 494, 498 (1982). Es decir, la desestimación de un pleito constituye el último recurso al cual se debe acudir. *S.L.G. Sierra v. Rodríguez,* 163 DPR 738 (2005).

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es aquella que formula la parte demandada antes de presentar su alegación responsiva, mediante la cual solicita que se desestime la demanda presentada en su contra. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Colón v. Lotería*, 167 DPR 625, 649 (2006). Dicho petitorio deberá basarse en uno de los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2; *Díaz Vázquez y otros v. Colón Peña*, 214 DPR 1135 (2024); *Inmobiliaria Baleares, LLC y otros v. Benabe González y otros*, 214 DPR 1109 (2024); *Rivera Candela y otra v. Universal Insurance Company*, 214 DPR 1007 (2024); *Blassino Alvarado y otro v. Reyes Blassino y otro*, 214 DPR 823 (2024); *Costas Elena y otros v. Magic Sport Culinary Corp*, 213 DPR 523 (2024); *Cobra*

*Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022); *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065-1066 (2020).

Al resolver una moción de desestimación bajo el inciso 5 de la Regla 10.2 de Procedimiento Civil, *supra*, el tribunal tomará como ciertos todos los hechos bien alegados en la demanda, que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro*, 2025 TSPR 1, resuelto el 7 de enero de 2025; *Díaz Vázquez y otros v. Colón Peña y otros*, *supra*; *Inmobiliaria Baleares, LLC y otros v. Benabe González y otros*, *supra*; *Rivera Candela y otra v. Universal Insurance Company*, *supra*; *Blassino Alvarado y otro v. Reyes Blassino y otro*, *supra*; *Costas Elena y otros v. Magic Sport Culinary Corp*, *supra*; *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70 (2023); *Casillas Carrasquillo v. ELA*, 209 DPR 240 (2022); *Cruz Pérez v. Roldán Rodríguez et al.*, 206 DPR 261, 267 (2021). Asimismo, tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante. *Id.*; *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, págs. 428-429; *Dorante v. Wrangler of P.R.*, 145 DPR 408, 414 (1998). En vista de ello, la desestimación procedería únicamente cuando de los hechos alegados no podía concederse remedio alguno a favor de la parte demandante. *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013), citando a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231. Tampoco procede la desestimación si la demanda es susceptible de ser enmendada. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, *supra*, pág. 429. En otras palabras, se debe considerar, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Díaz Vázquez y otros v. Colón Peña*, supra; *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994); *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991). Ahora bien, si tras este análisis el tribunal aún entiende que no se cumple con el estándar de plausibilidad, entonces debe

desestimar la demanda, pues no puede permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba. *Costas Elena y otros v. Magic Sport Culinary Corp*, *supra*.

**B**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685 (2024); *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al., supra*. Es por ello que la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subasta ASG*, *supra*; *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group v. Oriental Bank*, *supra*.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación

sin entrar en los méritos de la controversia. *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69, resuelto el 21 de junio de 2024; *R&B Power, Inc. v. Junta de Subasta ASG*, *supra*; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. Id.; *Pueblo v. Ríos Nieves*, supra; *FCPR v. ELA et al.*, *supra*.

**C**

La Ley de Compensaciones de Empleados Federales (FECA), 5 USC §§ 8101–8193, establece un sistema de compensación para los empleados federales que sufran lesiones, enfermedades o daños físicos o emocionales derivados de su empleo o mientras se encuentren en el desempeño de sus funciones oficiales. Conforme a dicha legislación, la FECA provee el remedio exclusivo para aquellos empleados federales que sufren algún daño en el transcurso de su empleo. 5 USC § 8116(c). Sobre el particular, se ha establecido que la interpretación de la disposición de exclusividad de la FECA implica consideraciones federales, y debe realizarse conforme al derecho federal, separada de la cuestión de responsabilidad bajo la ley estatal. *Glover v. Johns-Manville Corp.*, 525 F.Supp. 894, 906 (E.D. Va. 1979); *Travelers Ins. Co. v. US*, C.A.3 (Pa.) 1974, F.2d 881. Además, la FECA excluye la jurisdicción de los tribunales para atender demandas civiles que versen sobre lesiones cubiertas por su ámbito. *Saltsman v. US Postal Service,* 999 F.2d 973 (6th Cir. 1993). Ahora bien, por virtud de la Ley de Reorganización Postal. 39 USC. § 1005(c), se extendió la protección de la FECA a los empleados del United States Postal Service (USPS), disponiendo que las disposiciones del capítulo 75 del título 5 aplicarán a los funcionarios y empleados del Servicio Postal, excepto en la medida en que haya alguna incompatibilidad con las disposiciones de cualquier convenio colectivo negociado o con los procedimientos establecidos por el Servicio Postal y aprobados por la Comisión de Servicio Civil.

**III**

En el caso de autos, la apelante presentó cuatro (4) señalamientos de error. Como primer señalamiento de error, la Sra. Quiles Carrasquillo sostiene que erró el TPI al concluir que la *Demanda* no expone una reclamación que justifique la concesión de un remedio. En su segundo señalamiento de error, plantea que el TPI incidió al concluir que la APWU no responde por los actos propios de su afiliada. Como tercer señalamiento de error, la parte apelante aduce que erró el TPI al concluir que la FECA impide el ejercicio de la jurisdicción para la reclamación contra tercero incoada por la Sra. Quiles Carrasquillo. Por último, en su cuarto señalamiento de error, arguye que el TPI incidió al desestimar por prescripción la *Demanda* presentada en contra de la APWU Local.

Hemos examinado cuidadosamente el trámite procesal, los escritos de las partes, así como la normativa aplicable, y concluimos que el TPI no incidió al decretar la desestimación y archivo sin perjuicio de la *Demanda Enmendada* presentada por la Sra. Quiles Carrasquillo, por falta de jurisdicción sobre la materia. Nos explicamos.

Conforme a la normativa expuesta previamente, la FECA provee el remedio exclusivo para aquellos empleados federales que sufren algún daño en el transcurso de su empleo. 5 USC § 8116(c). Ante ello, la FECA excluye la jurisdicción de los tribunales para atender demandas civiles que versen sobre lesiones cubiertas por su ámbito. Del expediente ante nos, surge que, tanto la apelante como la apelada, para la fecha de los hechos que dieron lugar al caso de epígrafe, trabajaban para el USPS. Además, cabe destacar que los incidentes que dieron lugar al caso de epígrafe ocurrieron en el lugar de trabajo de la apelante, a saber, en el correo postal del Municipio de Luquillo y, posteriormente, en el correo postal del Municipio de Río Grande. En consecuencia, la FECA aplica a la controversia de autos, toda vez que, por virtud de la Ley de Reorganización Postal, 39 USC § 1005(c), se extendió la protección de la FECA a los

empleados de USPS. Además, cabe destacar que la carta anejada a la *Moción para Someter Documento Suplementando Oposición a Moción de Desestimación*, presentada por la apelante, no evidencia que la FECA es inaplicable a la reclamación presentada por esta. Más bien, dicha carta expresa que los documentos presentados por la apelante, en apoyo a su reclamación, eran insuficientes para demostrar su elegibilidad. Ante ello, no erró el TPI al concluir que la FECA impide el ejercicio de la jurisdicción para la reclamación contra tercero incoada por la Sra. Quiles Carrasquillo.

Ahora bien, según reseñáramos, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. Por ello, tomando en consideración que los daños alegados por la apelante constituyen lesiones sufridas en el curso de su empleo federal, la reclamación está sujeta al esquema exclusivo de la FECA. En virtud de su cláusula de exclusividad, la FECA priva a los tribunales estatales de jurisdicción para atender reclamaciones civiles que versen sobre lesiones cubiertas por su ámbito, independientemente de que el demandado sea un tercero, como lo es la AWPU, y no el propio gobierno federal. Por lo tanto, antes de acudir al foro judicial, la reclamación debía ser canalizada y resuelta mediante el remedio administrativo de la FECA. En vista de que este caso está cubierto por el ámbito de la FECA, colegimos que no estamos en posición para determinar si la *Demanda* presentada por la Sra. Quiles Carrasquillo expone una reclamación que justifique la concesión de un remedio ni tampoco para determinar si la APWU responde por los actos propios de su afiliada. Ello ya que, conforme se ha establecido, la interpretación de la disposición de exclusividad de la FECA implica consideraciones federales y debe realizarse conforme al derecho federal, separada de la cuestión de responsabilidad bajo la ley estatal. Por otra parte, no se entrará a discutir el cuarto y último señalamiento de error de la

parte apelante, toda vez que la razón de la desestimación de la *Demanda* fue por falta de jurisdicción sobre la materia y no por prescripción.

Por todo lo anterior, resolvemos que el TPI procedió de forma correcta al declarar Ha Lugar la *Solicitud de Desestimación de Demanda Enmendada* presentada por APWU y en su consecuencia, decretar la desestimación y archivo sin perjuicio de la *Demanda Enmendada* presentada por la Sra. Quiles Carrasquillo, por falta de jurisdicción sobre la materia.

En consecuencia, procedemos a confirmar el dictamen apelado.

**IV**

Por los fundamentos antes expuestos, se confirma la *Sentencia Sumaria Parcial* apelada.

Lo acordó y certifica el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones